# EXHIBIT A

SERVE

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>49th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>20-25494-CD |
|---|---|---|

Court address: 400 Elm Street, Big Rapids, MI 49307

Court telephone no.: 231-592-0780

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Mark Arnold | v | Ferris State University |

Plaintiff's attorney, bar no., address, and telephone no.
Scott P. Batey (P54711)
Batey Law Firm, PLLC
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date: 8-3-20 | Expiration date: 11-2-20 | Court clerk: Marcia M. Purcell |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) SUMMONS  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MECOSTA

MARK ARNOLD,

    Plaintiff,

v.

    Case No. 20-25494-CD

    Hon. Judge Hill-Kennedy

FERRIS STATE UNIVERSITY,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

### COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Mark Arnold, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1. Plaintiff, Mark Arnold, is a resident of the City of Reed, County of Osceola and State of Michigan.

2. Defendant, Ferris State University, is a is a governmental entity duly authorized to do business in the County of Mecosta and State of Michigan.

3. The events producing the original incident occurred in Mecosta County, Michigan.

4. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise within the jurisdiction of this Court.

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Michigan Elliot Larson Civil Rights Act ("ELCRA"), the Family and Medical Leave Act ("FMLA"), and the First Amendment.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff began his employment with Defendant in November of 1999 as an assistant manager of dining.

2

8. Plaintiff was constantly harassed and retaliated against based on his weight, disability, use of FMLA time, and complaints of discrimination against manager, Tom Pizzo (hereinafter "Pizzo"), and director of dining, Lori Helmer (hereinafter "Helmer").

9. On or about September 20, 2016, Amy Byrnes (Dining Student Employment Coordinator) went to Pizzo to discuss a new hire that Plaintiff made who happened to be an African-American woman, and Pizzo told Byrnes that, "black girls don't work out here, there are several other applicants to choose from," and Byrnes immediately reported the comment to Plaintiff.

10. Plaintiff and Amy Byrnes reported the racist comment to Mike Langan, but Plaintiff was told "that's just Tom," and nothing was done about it.

11. In or around the beginning of December of 2017, while referring to an African-American employee, Pizzo stated to Plaintiff that a "black boy" was seen talking with customers for too long, which Plaintiff found deeply offensive.

12. Over the duration of Plaintiff's career with Defendant, supervisor Lori Helmer expressed to him on many occasions that she is disgusted by overweight workers, in clear reference to Plaintiff's weight.

13. On one occasion, Helmer told Plaintiff that she hates it when fat or ugly people are seen in the front of the house of the restaurant because she doesn't like being represented by them.

3

14. On a separate occasion, before a local news station was going to film a segment on the café, Helmer stated to Plaintiff that she did not want any fat or ugly workers representing her on TV.

15. Plaintiff felt that both the personal comments directed directly towards him, as well as the inappropriate discussions about other employees by both Pizzo and Helmer created a hostile and abusive working environment, so on December 21, 2017, he met with Defendant's Equal Opportunity Director, Kylie Piette to make a formal complaint.

16. On December 22, 2017, Plaintiff suffered from a grand mal seizure, prompting him to use sick leave from January 3, 2018 – January 8, 2018, and FMLA time from January 18, 2018 – March 5, 2018.

17. In the beginning of January 2017, without consulting Plaintiff, Pizzo unilaterally terminated several Muslim employees without stating any legitimate non-discriminatory reason for the mass termination of strictly Muslim employees.

18. Plaintiff was deeply disturbed by what appeared to him to be termination rooted in nothing more than discriminatory animus towards Muslims, so he again reported Pizzo and Helmer to the Equal Opportunity Director, Kylie Piette.

4

19. As a result of Plaintiff's complaints of religious and race discrimination Defendant retaliated against him, and required Plaintiff to attend three separate meetings in the month of February while he was off on FMLA leave.

20. On February 13, 2018, while out on FMLA leave Plaintiff received a letter from Defendant demanding that he submit documentation for his harassment complaint by February 23, 2018, or it would be dismissed.

21. On or about April 6, 2018, Pizzo told Plaintiff that he knows Plaintiff has reported him and Helmer to HR, and that they have a plan to "deal with" Plaintiff.

22. On or about April 6, 2018, approximately two hours after Pizzo confronted Plaintiff, he had a grand maul seizure and required medical attention.

23. On or about April 7, 2018 Helmer and Pizzo attempted to discipline Plaintiff for no call – no show, even though Plaintiff's wife called Pizzo and informed him of Plaintiff's seizure and inability to work, and they were well aware of Plaintiff's seizure the day prior and that he was approved form FMLA leave for the seizures.

24. Pizzo and Helmer attempted to force the student manager who took Plaintiff's shift to document in an email that Plaintiff did not call in, even though the student manager did in fact hear from Plaintiff's wife that he would not be coming in to work due to his seizure.

5

25. The student manager informed Pizzo that he did not feel like pressuring him to write a false email was morally right, and Pizzo responded by saying that it was what Helmer wanted.

26. After Plaintiff complained to HR and took FMLA leave, his work became far more scrutinized than similarly situated employees who did not complain about race and religious discrimination or use FMLA leave, and both Helmer and Pizzo would frequently berate Plaintiff publicly, while other employees, including but not limited to Vicky Rockey, were never addressed at all for their behavior.

27. On May 7, 2018, Plaintiff was placed on a five-day administrative leave, where Defendant claimed that Plaintiff violently threw a chair into a window, which is pretextual, as Plaintiff did not violently throw any chair.

28. On August 17, 2018 Plaintiff was wrongfully terminated in retaliation for his complaints to HR about discrimination and harassment and his use of FMLA leave.

29. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## VIOLATIONS OF THE MICHIGAN
## ELLIOTT-LARSEN CIVIL RIGHTS ACT FOR PLAINTIFF'S
## COMPLAINTS OF RELIGIOUS AND RACIAL DISCRIMINATION

30. Plaintiff incorporates by reference paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31. Plaintiff witnessed unwelcome communication and conduct based on race as prohibited by the ELCRA.

32. Plaintiff engaged in protected activity pursuant to the ELCRA and reported religious and racial discrimination to Defendant and told them that they could not make employment decisions based on the religion or race of an employee.

33. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with employment and/or created an intimidating, hostile, or offensive work environment due to race and/or religion.

34. Pursuant to the ELCRA, employees are guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from his employer and/or supervisors based upon race and/or religion.

35. Race, religion, and Plaintiff's complaints of race and religious discrimination were factors in Defendants decisions, actions, treatment, conduct and attitude towards Plaintiff.

36. Plaintiff has been subjected to work in a hostile work environment due to his complaints about discrimination.

37. Plaintiff is entitled to exemplary and compensatory damages pursuant to the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

38. Defendant discriminated against their employees by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in racial and/or religious discrimination in the workplace;

   b. Imposing discipline based on race and/or religion;

   c. Taking adverse employment action against based upon race, religion, and complaints of race and religious discrimination;

   d. Preventing employees from having full and fair opportunities to advance in their position based upon race and/or religion; and

   e. Creating a hostile work environment for employees by discriminating against them, harassing them, and retaliating against them due to race and/or religion.

39. Defendant breached and violated their duties owed to their employees, by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

40. As a direct and proximate result of the actions of Defendant, employees were the subject of discriminatory conduct on the part of Defendant.

41. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

42. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

9

## COUNT II
## WEIGHT DISCRIMINATION IN VIOLATION
## OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

43. Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. Plaintiff is an obese individual who experienced constant comments and conduct directed toward him based on his weight as prohibited by the ELCRA.

45. The ongoing and continuing unwelcome conduct and communication regarding Plaintiff's weight was intended to, and did substantially interfere with employment and/or created an intimidating, hostile, or offensive work environment due to his weight.

46. Pursuant to the ELCRA, employees, including Plaintiff, are guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from his employer and/or supervisors based upon his weight.

47. Plaintiff's weight was a factor in Defendants decisions, actions, treatment, conduct and attitude towards Plaintiff.

48. Plaintiff has been subjected to work in a hostile work environment due to his weight.

49. Plaintiff is entitled to exemplary and compensatory damages pursuant to the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

50. Defendant discriminated against their employees by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in weight discrimination in the workplace;

   b. Imposing discipline based on weight;

   c. Taking adverse employment action against based upon weight and complaints of weight discrimination;

   d. Preventing employees from having full and fair opportunities to advance in their position based upon weight; and

   e. Creating a hostile work environment for employees by discriminating against them, harassing them, and retaliating against them due to weight.

51. Defendant breached and violated their duties owed to their employees, including Plaintiff by reason of the following acts and/or omissions:

   a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

   c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

52. As a direct and proximate result of the actions of Defendant, employees were the subject of discriminatory conduct on the part of Defendant.

53. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

54. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE FMLA

55. Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. Defendant was Plaintiff's "employer" within the meaning of the FMLA.

57. Plaintiff suffered from grand mal seizures, which is a serious medical condition that required Plaintiff's absence from work on and around the time he suffered a seizure.

58. Plaintiff's grand maul seizures were unpredictable and Plaintiff requested intermittent FMLA leave to permit him to miss work on and around the time he experienced a grand mal seizure.

59. Plaintiff requested and was approved for intermittent medical leaves which were protected under FMLA and which were approved by the Employer.

60. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because he exercised rights under the FMLA.

61. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT IV
## VIOLATION OF 42 USC 1983 VIOLATIONS OF
## PLAINTIFF'S FIRST AMENDMENT RIGHTS-FREEDOM OF SPEECH

62.  Plaintiffs incorporate by reference paragraphs 1 through 61 of the Complaint as though fully set forth herein.

63.  Freedom of speech constitutes the core of those activities protected by the First Amendment of the United States Constitution.

64.  Throughout his employment with Defendant, Plaintiff exercised his First Amendment right to freedom of Speech, including complaints made to Defendant regarding race and religious discrimination, which were not only personal concerns to Plaintiff, but they were matters of public concern both of which are protected by the First Amendment.

65.  Plaintiff's complaints of racial and religious discrimination were matters of public concern.

66.  Defendant took adverse employment action against Plaintiff by suspending him for his exercise of free speech.

67.  Defendant's refusal to comply with state and federal laws were matters of public concern which are protected by the First Amendment.

68.  42 U.S.C. §1983 provides a federal cause of action against any person who, acting under color of state law, deprives another person of any constitutional or federal statutory rights, including Plaintiff's right to freedom of speech.

69. Pursuant to 42 U.S.C. §1983, Defendants violated Plaintiff's First Amendment right to free speech by suspending him and terminating him, due to his exercise of his First Amendment rights on matters of public concern.

70. Defendant acted oversaw policies and practices of prohibiting employees of Ferris State University from engaging in protected speech, and took adverse employment action in violation of Plaintiff's First Amendment rights to free speech.

71. As a result of Defendants' violation of Plaintiff's well established rights under the United States Constitution, made applicable to the Defendants' through 42 U.S.C. §1983, Plaintiff sustained damages including, but not necessarily limited to, economic damages including loss of back pay, loss of front pay, loss of benefits, loss of seniority, loss of opportunity for advancement, loss of pension and other benefits, non-economic damages including, but not necessarily limited to, emotional distress, loss of self-esteem, outrage, mental anguish, anxiety, humiliation, embarrassment, all resulting in physical symptoms. Further, the nature of Defendants' conduct entitles Plaintiff to exemplary and/or punitive damages.

WHEREFORE, Plaintiff respectfully requests this honorable court enter a judgment in his favor and against Defendants for all damages to which he is entitled to pursuant to 42 U.S.C. §1983, for violations of Plaintiff's First

Amendment rights including, but not necessarily limited to, economic damages, non-economic damages, exemplary damages, punitive damages, cost interest and attorney's fees.

## COUNT IV
## RETALIATION

72. Plaintiff incorporates by reference paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, employees are guaranteed the right to be free from discrimination from employers and/or supervisors based upon race and complaints of discrimination.

74. Plaintiff's complaints of race and religion discrimination were a factor in Defendants' employment decisions.

75. Defendant was Plaintiff's employer within the meaning of The Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

76. Plaintiff complained to the appropriate representatives of Defendant, in accordance with Defendants' policies and procedures for reporting harassment and discrimination.

77. Plaintiff was engaging in a protected activity when he complained of race discrimination pursuant to The Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

16

78. In response to Plaintiff's complaints of racial and religious discrimination resulting in a hostile work environment, Defendant retaliated against Plaintiff and took adverse employment actions against Plaintiff.

79. Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

80. Despite having notice of racial and religious discrimination, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for his complaints of discrimination.

81. The racial and religious discrimination, and Defendants' failure to take any remedial action violate the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

82. As a proximate result of Defendants' retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

BATEY LAW FIRM, PLLC

By: _____
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com
rfowler@bateylaw.com

Dated: July 30, 2020

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Mark Arnold, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

BATEY LAW FIRM, PLLC

By: _____
SCOTT P. BATEY (P54711)
RYAN T. FOWLER (P84210)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com
rfowler@bateylaw.com

Dated: July 30, 2020